RUSSELL *v.* CONTINENTAL SUGAR CO.

WATERS AND WATERCOURSES — FLOODING LANDS—DAMAGES—QUESTION FOR JURY.

> In an action for damages to plaintiff's crops and land by the overflow from defendant's beet sugar factory of refuse consisting of water, lime, and other substances, where the pivotal questions were all questions of fact, which were fully and fairly presented to the jury, the judgment in favor of plaintiff will not be disturbed, on error.

Error to Lenawee; Root (Jesse H.), J., presiding. Submitted April 12, 1923. (Docket No. 58.) Decided June 4, 1923.

Case by Esther Helen Russell against the Continental Sugar Company for damage to land and crops by flooding. Judgment for plaintiff. Defendant brings error. Affirmed.

*John A. Riley, Frank J. Riley,* and *J. N. Sampson,* for appellant.

*Baldwin & Alexander,* for appellee.

MOORE, J. The plaintiff is the owner of five and one-half acres of land. The defendant is the owner of lands north of and adjacent to the lands of plaintiff upon which it has a beet sugar factory, and maintains a pond, in which is deposited certain refuse from its factory, consisting of water, lime and other substances. Some time early in 1920 a considerable quantity of the material in the pond escaped. Early in 1921 another quantity escaped from the pond. It is the claim of the plaintiff that this

flood backed into the tile on her land and obstructed the same, and also flowed on her land, damaging crops, and that the overflow caused permanent injury to her land.  Defendant insisted that very little, if any, water from this pond escaped upon the land of plaintiff or entered the tile upon her land, and that even if it did enter the tile upon plaintiff's land, or the outlet thereto, the tile were not obstructed thereby, and that if the water, lime and other material were actually cast upon the lands of plaintiff during the seasons of 1920 and 1921, the crops were not damaged to any considerable extent and did not permanently injure the land or lessen its fertility, and that the plaintiff did not show her right to recover any damages for such permanent injury.  From a verdict given by a jury of $400 and judgment thereon, the case is brought here by writ of error.

The trial judge in overruling a motion for a new trial filed his reasons for doing so.  They state the issues involved so clearly that we quote therefrom as follows:

"After verdict defendant filed a motion for a new trial, setting up eight grounds therefor.  These may be conveniently grouped under three heads.

"*First*, as to evidence relating to settlements made by the defendant with other parties.  As to this ground, the record shows that Mr. Baldwin, for plaintiff, was permitted to show that the company had made settlements with other parties for the purpose of showing that the defendant company had knowledge of the damage its waters and substances, as they escaped from its settling basin.  No testimony was received as to the terms of such settlements and the jury was carefully instructed not to consider the testimony with reference to settlements as in any way admitting the liability of the company in the instant case.  The record further shows that when the matter of settlements was first gone into the court, on objection by the defendant, declined to permit the plaintiff to show that the company had settled, but

did permit the fact of a claim for damage to be shown. Later, on cross-examination, the defense sought to show the fact of such settlement, which the court did not permit. The record further shows that finally the court instructed the jury as follows:

" 'The record may show that all testimony with reference to settlements made with Mr. Heater may be stricken out; and, gentlemen, you are instructed at this time that you are not to consider that testimony at all, and are not to consider the fact that settlement may have been made, as an admission of liability on the part of the defendant because it is the law that every man has a right to buy his peace, and he would have a right to settle a claimed controversy or claim made against him for the purpose of avoiding a lawsuit, and it wouldn't be proper to take that into consideration as an admission on the part of the defendant in the case or in any case in which it made settlements. So please don't regard that testimony in any way whatsoever.'

"I do not believe that the jury were in any way misled with reference to this matter, nor was any substantial right of the defendant denied it by reason of the fact that the details of settlements were not permitted to be gone into.

"*Second*, because the verdict of the jury is against the great weight of the evidence, and particularly as to the permanent injuries to her land. The testimony of the plaintiff, which testimony was not directly disputed, that during the years covered by the declaration she lost tomatoes, corn and oats of the value of $150, squash to the value of $50, and damage to tile of $140. As above stated, the verdict of the jury was for $400; giving to the testimony of the plaintiff its full force, it is apparent, therefore, that the jury could not have allowed a greater amount than $60 for permanent injury to the soil. There was testimony to the effect that the land was permanently injured by the deposit of these refuse waters and substances upon her land and, though the testimony upon the subject of permanent injury was perhaps rather meager, still the court cannot say that an excessive amount was allowed for either or all of the several elements going to make up the total. Where there is testimony bearing out the verdict of the jury, I

do not understand it to be the duty of the court to set aside such verdict, unless it can be said that the verdict is so grossly against the weight of the evidence as to amount to miscarriage of justice. I cannot say in this case that the verdict is excessive.

"*Third*, because the verdict was not based on the evidence, but was the result of partiality and prejudice on the part of the jury. It is my opinion that there was nothing in this case to justify the claim that the verdict was the result of partiality and prejudice. There was nothing in the case, either in the testimony or in the arguments of counsel, which in any way would tend to arouse the prejudice of the jury, nor was any appeal made to them to award damages simply and solely because the defendant was operating and maintaining a big sugar plant. The case was very free from any remarks of counsel which might tend to inflame jurors, and in my judgment there is no basis whatsoever for the claim made. As a matter of fact the testimony fully bore out the finding of the jury. There can be no question but that the refuse, waters and substances did escape from the defendant's pond or settling basin, and, as above pointed out, some damage was done to the plaintiff's lands and crops and tiling system. Practically the only question for the jury was the amount of the damage. There was testimony as to that amount, and the jury awarded a sum which was amply justified by the evidence."

Counsel for appellant urge the same reasons in this court for a reversal of the case that were presented to the trial judge on their motion for a new trial. The pivotal questions in the case were all questions of fact. They were fully and fairly presented to the jury by the judge. We see no occasion to disturb the judgment.

It is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.